UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PROTECT THE PUBLIC'S TRUST<br>712 H Street, N.E.<br>Suite 1682<br>Washington, D.C. 20002,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES<br>200 Independence Ave., SW<br>Washington, D.C. 20201,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Case No. 1:25-cv-219 |

## COMPLAINT

1. Plaintiff Protect the Public's Trust ("PPT") brings this action against the U.S. Department of Health and Human Services ("HHS") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking declaratory and injunctive relief to compel HHS's compliance with the FOIA's requirements.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331.

3. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

4. Plaintiff PPT is a nonprofit corporation dedicated to restoring public trust in government by promoting the fair and equal application of the rules and standards of ethical conduct to all public servants.  Consistent with Justice Brandeis's aphorism that "Sunlight is said to

1

be the best of disinfectants, electric light the most efficient policemen," PPT seeks to promote transparency and broadly disseminate information so that the American people can evaluate the integrity and ethical conduct of those who act in their name. Louis Brandeis, OTHER PEOPLE'S MONEY AND HOW BANKERS USE IT. (1914), https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v.

5. Defendant HHS is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). HHS has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## STATEMENT OF FACTS

*Overview of FOIA Requests*

6. On November 29, 2023, PPT submitted two FOIA requests to HHS regarding its regulation of marijuana.

7. For both requests, HHS took the same approach: after initially acknowledging the request and providing a status update that it was "In Process," HHS failed to provide either a response to the request or further communications regarding it.

8. HHS has violated its FOIA obligations regarding each request.

*PPT's First Request: 2024-00280-FOIA-PHS*

9. On November 29, 2023, PPT submitted its first request to HHS (attached as Exhibit A), seeking the following records:

> From August 31, 2022, though the date this request is processed,
>
> 1. Records of communications between the list of officials and employees at the Department of Justice and/or employees at the Drug Enforcement Administration regarding the schedule classification of marijuana and the

recommendation to move marijuana from a Schedule I drug to a Schedule III drug.

Officials:
    I. Jeffery Nesbit, Assistant Secretary for Public Affairs
    II. Kamara Jones, Acting Assistant Secretary for the Public Affairs
    III. Samira Burns, Deputy Assistant Secretary for Public Affairs for Human Services
    IV. Lindsey "L.A" Ross, Acting Director Digital Communications Division
    V. Michael Wilker, Director, Broadcast Communications Division
    VI. May Malik, Deputy Assistant Secretary for Public Affairs for Public Education

10. Release of these records is in the public interest because it will contribute to the public's understanding of HHS's operations and activities and its regulation of marijuana.

11. On November 30, 2023, HHS sent PPT two emails regarding the request. The first stated that the request had been received and assigned tracking number 2024-00280-FOIA-PHS. The second was an acknowledgment email with an attached letter formally acknowledging the request. The letter stated that the request had been assigned to the complex processing track and that HHS required an extension to process it due to "unusual circumstances" that applied.

12. On January 20, 2024, HHS sent PPT an email stating that the status of the request had been updated to "In Process."

13. Since its email from January 20, 2024, HHS has gone silent regarding the request.

14. To date, HHS has not sent PPT a response to the request, a timeline or estimate for when it will do so, or any other communication regarding the request.

*PPT's Second Request: 2024-00334-FOIA-OS*

15. On November 29, 2023, PPT submitted its second FOIA request to HHS (attached as Exhibit B), seeking the following records:

From August 31, 2022, though the date this request is processed,

> 1. Records of communications between the list of officials regarding the schedule classification of marijuana and the recommendation to move marijuana from a Schedule I drug to a Schedule III drug.
>
> 2. Records of communications to and/or from the list of officials with other officials at the Department of Health and Human Services (hhs.gov) or Centers for Disease Control and Prevention (cdc.gov) regarding the schedule classification of marijuana and the recommendation to move marijuana from a Schedule I drug to a Schedule III drug.
>
> Officials:
> I.  Jeffery Nesbit, Assistant Secretary for Public Affairs
> II. Kamara Jones, Acting Assistant Secretary for the Public Affairs
> III. Samira Burns, Deputy Assistant Secretary for Public Affairs for Human Services
> IV. Lindsey "L.A" Ross, Acting Director Digital Communications Division
> V. Michael Wilker, Director, Broadcast Communications Division
> VI. May Malik, Deputy Assistant Secretary for Public Affairs for Public Education

16. Release of these records is in the public interest because it will contribute to the public's understanding of HHS's operations and activities and its regulation of marijuana.

17. On December 15, 2023, HHS sent PPT four emails. The first stated that HHS had received the request and assigned it tracking number 2024-00334-FOIA-OS. The second stated that the status of the request had been updated to "Received." The third formally acknowledged receipt of the request and had an attached letter. The letter stated that HHS had assigned the request to the complex processing track and was in the process of reviewing the request and searching for responsive records but that "unusual circumstances" applied to the search and thus HHS required an extension to its time to respond. The fourth stated that the status of the request had been updated to "In Process."

18. Since its emails from December 15, 2023, HHS has gone silent regarding the request.

19. To date, HHS has not sent PPT a response to the request, a timeline or estimate for when it will do so, or any other communication regarding the request

*HHS has violated its FOIA obligations*

20. As Attorney General Garland has made clear, FOIA is "a vital tool for ensuring transparency, accessibility, and accountability in government" whose "'basic purpose . . . is to ensure an informed citizenry,' which is 'vital to the functioning of a democratic society [and] needed to check against corruption and to hold the governors accountable to the governed.'" Merrick Garland, *Memorandum for Heads of Executive Departments and Agencies: Freedom of Information Act Guidelines* 1 (Mar. 15, 2022), https://www.justice.gov/ag/page/file/1483516/download (quoting *NLRB v. Robbins Tire & Rubber Co*, 437 U.S. 214, 242 (1978)) ("Garland Memo").

21. The Garland Memo makes clear, "Timely disclosure of records is also essential to the core purpose of FOIA." Garland Memo at 3.

22. Over 418 days have elapsed since HHS received PPT's requests, yet HHS still has not made a determination with respect to them. *See Citizens for Responsibility and Ethics in Washington v. FEC*, 711 F.3d 180 (D.C. Cir. 2013). HHS has not produced responsive documents to PPT, has not communicated the scope of the documents it intends to produce or withhold—along with the reasons for any withholding—and has not informed PPT of its ability to appeal any adverse portion of its determination.

23. Given these facts, HHS has not met its statutory obligations to provide the requested records.

24. Through HHS's failure to make determinations within the time period required by law, PPT has constructively exhausted its administrative remedies and seeks immediate judicial review.

**COUNT I – Request 2024-00280-FOIA-PHS**

**Violation of FOIA, 5 U.S.C. § 552**

**Wrongful Withholding of Non-Exempt Responsive Records**

a. PPT repeats and incorporates by reference paragraphs 9-14 and 20-24 as if fully set forth herein.

b. PPT's first request was a properly submitted request for records within the possession, custody, and control of HHS.

c. HHS is an agency subject to FOIA, and therefore has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

d. HHS is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

e. HHS's failure to provide all non-exempt responsive records violates FOIA.

f. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring HHS to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

**COUNT II – Request 2024-003344-FOIA-OS**

**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

a. PPT repeats and incorporates by reference paragraphs 15-24 as if fully set forth herein.

b. PPT's second request was a properly submitted request for records within the possession, custody, and control of HHS.

c. HHS is an agency subject to FOIA and, therefore, has an obligation to release any non-exempt records and provide a lawful reason for withholding any materials in response to a proper FOIA request.

    d. HHS is wrongfully withholding non-exempt agency records requested by PPT by failing to produce non-exempt records responsive to its request.

    e. HHS's failure to provide all non-exempt responsive records violates FOIA.

    f. Plaintiff PPT is therefore entitled to declaratory and injunctive relief requiring HHS to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

Plaintiff PPT respectfully requests this Court:

(1) Assume jurisdiction in this matter and maintain jurisdiction until Defendant HHS complies with the requirements of FOIA and any and all orders of this Court.

(2) Order HHS to produce, within ten days of the Court's order, or by other such date as the Court deems appropriate, any and all non-exempt records responsive to PPT's request and an index justifying withholding all or part of any responsive records that are withheld under claim of exemption.

(3) Award PPT the costs of this proceeding, including reasonable attorney's fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Grant PPT other such relief as the Court deems just and proper.

Dated: January 8, 2025                                         Respectfully submitted,

                                                                            PROTECT THE PUBLIC'S TRUST

                                                                            By Counsel:
                                                                            /s/ Jacob William Roth
                                                                            Jacob William Roth
                                                                            D.D.C. Bar ID: 1673038
                                                                            DHILLON LAW GROUP, INC.
                                                                            1601 Forum Plaza, Suite 403

West Palm Beach, Florida 33401
Telephone: 561-227-4959
JRoth@Dhillonlaw.com

Karin Moore Sweigart
D.D.C. Bar ID: CA00145
DHILLON LAW GROUP, INC.
177 Post Street, Suite 700
San Francisco, CA 94108
Telephone: 415-433-1700
KSweigart@Dhillonlaw.com

*Counsel for the Plaintiff*